<u>Not for Publication</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

TARAH N. DAVIS,

    *Plaintiff*,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, GAZMEN XHUDO, JOHN DOES 1-10 (fictitious names representing unknown individuals) and/or XYZ CORPS. (fictitious names representing unknown corporations, partnerships and/or Limited Liability Companies or other types of legal entities),

    *Defendants*.

Civil Action No. 19-18666

**OPINION & ORDER**

<u>John Michael Vazquez, U.S.D.J.</u>

    This matter comes before the Court by way of Plaintiff's motion to reinstate the case pursuant to Fed. R. Civ. P. 60(b). D.E. 7. The case was previously dismissed without prejudice for failure to effect service within 90 days after Plaintiff filed the Complaint. D.E. 4. The Court reviewed Plaintiff's submission[1] made in support and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiff's motion is **GRANTED**.

---

[1] The Declaration of Paul A. Garfield submitted with Plaintiff's motion, D.E. 7-1 ("Garfield Decl."). Defendants do not take a position on the motion. D.E. 9.

I.      BACKGROUND

On October 3, 2019, Plaintiff commenced the current action arising out of personal injuries sustained when Plaintiff's vehicle was allegedly hit from behind by a vehicle operated by Defendant Gazmen Xhudo in the course of his employment with Immigration and Custom Enforcement ("ICE"). D.E. 1. On March 10, 2020, the Court filed a Notice of Call for Dismissal pursuant to Fed. R. Civ. P. 4(m) for Plaintiff's failure to effect timely service. D.E. 3. The notice stated that the action would be dismissed on March 30, 2020 unless Plaintiff established that service was timely effected. *Id.* The Court did not receive any submissions from Plaintiff, and on November 2, 2020, entered an Order dismissing the case without prejudice pursuant to Fed. R. Civ. P. 4(m). D.E. 4. On June 18, 2021, Plaintiff filed two requests for summons to be issued, D.E. 5, 6, which were denied by way of the Clerk of the Court's quality control message because the case had been dismissed.

On October 26, 2021, Plaintiff moved to reopen the case. D.E. 7. According to Plaintiff's counsel Paul A. Garfield, all Defendants were served prior to October 18, 2019, but the proofs of service were not submitted to the Court due to an oversight by Mr. Garfield's office. Garfield Decl. ¶ 10. Mr. Garfield additionally represents that he did not receive notice of the Notice of Call for Dismissal filed on March 10, 2020 because he was not listed as counsel of record for this matter due to another oversight. *Id.* ¶ 11. For the same reason, Mr. Garfield did not receive notice of the Order for Dismissal entered on November 2, 2020. *Id.* ¶ 12. On or about December 16, 2020, Mr. Garfield received a letter from Defendants denying Plaintiff's claim. *Id.* ¶ 14. In response to this letter and because Plaintiff had not received an answer from Defendants, Mr. Garfield mailed Defendants a copy of the summons and complaint on or about February 9, 2021. *Id.* ¶ 16. After failing to hear back from Defendants, Plaintiff's counsel decided to re-issue the summons in the

matter and thus filed the two requests for summons on June 18, 2021. *Id.* Mr. Garfield avers that he first became aware that the case had been dismissed for failure to provide proof of service on June 21, 2021, when he received the Clerk's quality control message denying Plaintiff's request for summons. *Id.* ¶ 17.

Because the two-year statute of limitations for filing a negligence claim ran on April 10, 2020, Plaintiff was unable to refile her case. *Id.* ¶ 18. Thus, Plaintiff now brings the present motion to reinstate the case pursuant to Fed. R. Civ. P. 60(b). *Id.* Defendants take no position on the motion to reinstate the action but request that Plaintiff substitute the United States of America for Defendants should the action be reinstated. D.E. 9 at 1-2.

## II.  STANDARD OF REVIEW

Fed. R. Civ. P. 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>    (1) mistake, inadvertence, surprise, or excusable neglect;

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

A party moving for relief under Fed. R. Civ. P. 60(b) "carries a heavy burden," because "Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991); *accord Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (noting that Rule 60(b)(6) provides "extraordinary relief and may only be invoked upon a showing of exceptional circumstances."); *see also Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983) (a party seeking

3

relief under Rule 60(b)(3) must show not only that "the adverse party engaged in fraud or other misconduct, [but also] that his conduct prevented the moving party from fully and fairly presenting his case.").

The Third Circuit follows *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) when analyzing excusable neglect. "Under *Pioneer*, the determination whether a party's neglect is 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." *George Harms Const. Co. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004) (internal quotation omitted). The factors to consider include "the danger of prejudice [to the non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 163-64 (quoting *Pioneer*, 507 U.S. at 395). The Third Circuit has also instructed that the district court should consider whether the statute of limitations has expired on a plaintiff's claims. *Balyan v. Baldwin*, 566 F. App'x 175, 176 (3d Cir. 2014).

### III. ANALYSIS

Plaintiff argues that applying the *Pioneer* factors, the Court should grant relief under Fed. R. Civ. P. 60(b) and reinstate the case. First, Plaintiff contends that reinstatement would not prejudice Defendants because they were properly and timely served, were reviewing the case as recently as December 2020 when they issued an administrative denial of Plaintiff's claim, and received Plaintiff's diagnostic and other medicals in the summer of 2019. Garfield Decl. ¶ 21. Plaintiff also argues that the judicial process will not be negatively impacted because the delay of nearly one year has not affected Defendants' ability to defend themselves, there will be no difficulty in obtaining discovery as "this is a rather simple case," and no judicial resources have

been wasted. *Id.* ¶ 22. Plaintiff continues that "[a]dding to the lack of delay in process is the fact that liability is not truly at issue" and the primary issue to be decided is the causation of Plaintiff's injuries. *Id.* ¶¶ 23-24. Finally, Plaintiff's counsel "acknowledges that the delay was reasonably within its control," but maintains that Plaintiff and her counsel acted in good faith. *Id*. ¶ 25. As to reasonableness, Plaintiff's counsel cites to the transition to virtual work resulting from the COVID-19 pandemic as the reason that his firm missed the Court's notices. *Id.*

The Court finds *Choi v. Costco Wholesale Corp.*, Civ. No. 19-17916, 2020 U.S. Dist. LEXIS 181970 (D.N.J. Oct. 1, 2020) instructive. There, the defendant removed a New Jersey state court action to federal court, but the plaintiff's counsel was not a member of the federal bar of New Jersey and therefore could not appear before the district court. *Id.* at *1-2. The Clerk of the Court advised counsel that she was responsible for having a member of the court file an appearance, but neither the plaintiff nor the plaintiff's counsel responded to the Clerk's letter or attempted to prosecute the case. *Id.* at *2. The Court subsequently filed a Notice of Call for Dismissal, and when the plaintiff failed to respond, the Court entered an Order for Dismissal without prejudice for failure to prosecute. *Id.* at *3. Nearly six months after entry of the Order for Dismissal, the plaintiff moved to reopen the case, explaining that counsel had failed to bring the Notice of Call for Dismissal to the attention of her colleagues before leaving her law firm due to her pregnancy. *Id.* at *3. The court analyzed the motion under the Fed. R. Civ. P. 60(b) standard and found that the plaintiff had shown excusable neglect in failing to prosecute the case. *Id.* at *5. Analyzing the *Pioneer* factors, the court noted that while the approximate six-month delay in seeking to reopen the case was "unusually long," there was no indication that the delay would impact the judicial proceedings because the case was in its nascent stages: the defendant had not yet answered the complaint or filed a responsive pleading, and there were no significant deadlines or scheduled

appearances that resulted in a waste of judicial resources. *Id.* Additionally, the *Choi* court found that the defendant would not suffer significant prejudice as a result of reopening the case because the defendant clearly had notice of and participated in the action as evidenced by removal of the case to federal court, and the court's dismissal without prejudice preserved the plaintiff's right to refile the complaint and place the defendant in the same litigation posture. *Id.* at *5-6. Finally, the court in *Choi* determined that while the delay was reasonably within the plaintiff's control, there was no indication of bad faith, and the plaintiff sufficiently explained the reason for delay "in light of the exigent circumstances and difficulties associated with working through the COVID-19 pandemic, which [the plaintiff] assert[ed] prevented the filing of the instant motion sooner." *Id.* at *6.

Here, given the relevant circumstances, Plaintiff's failure to timely file proof of service constitutes excusable neglect. Plaintiff's delay of nearly one year in moving to reinstate the case is lengthy. However, Defendants will not be significantly prejudiced by reinstating the case because, notwithstanding Plaintiff's failure to file proof of service, Defendants were properly and timely served on October 15, 2019, twelve days after Plaintiff filed her Complaint. *See* Garfield Decl. Ex. D.[2] As Defendants timely received notice of Plaintiff's claims, the "passage of time…without more, is insufficient" to demonstrate prejudice to Defendants. *Choi*, 2020 U.S. Dist. LEXIS 181970, at *6; *see also Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982) (finding that the cost of enforcing a judgment later vacated and the delay in realizing satisfaction on a claim were insufficient to establish prejudice; rather, prejudice may result from a

---

[2] Moreover, Defendants were on notice of Plaintiff's Federal Tort Claims Act claim no later than October 5, 2018, as evidenced by ICE's letter responding to Plaintiff's counsel's letter of August 17, 2018 to the Department of Homeland Security and ICE indicating that Plaintiff had retained counsel in connection with injuries sustained from a vehicle accident involving Xhudo. *See* Garfield Decl. Exs. A, B.

"loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment"). Further, as in *Choi*, the delay will not impact the judicial proceedings because the case is in its early stages, Defendants have not yet filed a response to the Complaint, and there have been no missed significant deadlines or scheduled appearances resulting in a waste of judicial resources. As to the reason for the delay, Plaintiff's counsel admits that the delay was reasonably within its control. Garfield Decl. ¶ 25. However, there is no indication that Plaintiff or her counsel acted in bad faith, and the Court recognizes the difficulties associated with transitioning to virtual work as a result of the COVID-19 pandemic, which Mr. Garfield represents led to the delay in his personally receiving the Notice of Call for Dismissal and Order for Dismissal. *Id.* Finally, as in *Balyan*, the statute of limitations on Plaintiff's claims have expired since the Complaint was filed, and thus the Court's dismissal without prejudice "effectively precludes [Plaintiff] from refiling suit." *Balyan*, 566 F. App'x at 176. This consideration weighs in favor of finding excusable neglect. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir.1984) (noting that the "gravest prejudice" to the plaintiffs was "having their claim barred completely by the statute of limitations").

In sum, applying the *Pioneer* factors, the Court finds that Plaintiff's failure to timely file proof of service was due to counsel's excusable neglect.

## IV. CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 23rd day of February 2022 hereby

**ORDERED** that Plaintiff's motion to reinstate the case pursuant to Fed. R. Civ. P. 60(b), D.E. 7, is **GRANTED**.

_____
John Michael Vazquez, U.S.D.J.